TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00011-CR






Richard C. Renfro, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY

NO. 09-02077-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING




O R D E R


PER CURIAM

 Richard C. Renfro appeals his conviction in the county court at law for his failure to
wear a fastened seatbelt while riding in a motor vehicle that was being operated. See Tex. Transp.
Code Ann. § 545.413 (West Supp. 2009). The county court assessed a $35 fine plus court costs. 
The trial in county court was an appeal from the Cedar Park Municipal Court's judgment finding
Renfro guilty of the same offense. Renfro filed a notice of appeal and asserted that he was indigent,
attaching a copy of a previously filed affidavit of indigence. (1) No contest was filed and no hearing
was held. Accordingly, Renfro is deemed indigent and a reporter's record must be prepared without
prepayment. See Tex. R. App. P. 20.1(f), (j).

 Because this is an appeal in a criminal case that arose from a county court decision
in a case appealed from a municipal court, this Court has limited jurisdiction:


 The Courts of Appeals shall have appellate jurisdiction coextensive with the limits
of their respective districts in all criminal cases except those in which the death
penalty has been assessed. This Article shall not be so construed as to embrace any
case which has been appealed from any inferior court to the county court, the county
criminal court, or county court at law, in which the fine imposed by the county court,
the county criminal court or county court at law does not exceed one hundred dollars,
unless the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based.


See Tex. Code Crim. Proc. Ann. art. 4.03 (West 2005) (emphasis added). Thus, we may have
jurisdiction if the sole issue in Renfro's appeal is a challenge to the constitutionality of the seatbelt
statute. Because a reporter's record has been requested but not filed, however, Renfro's brief is not
due or filed. Because Renfro's brief is not filed, we do not yet know whether he plans to challenge
only the constitutionality of the statute and therefore cannot determine at this time finally whether
we have jurisdiction over his appeal. In this case, preparation of a reporter's record is necessary for
us to move the case to the point where we can determine whether this Court has jurisdiction over
Renfro's appeal.

 Accordingly, the reporter's record is ordered to be filed with this Court's clerk on or
before November 15, 2010. ORDERED on October 14, 2010.


Before Chief Justice Jones, Justices Puryear and Pemberton
1. The copy of the previously filed affidavit was attached to the notice of appeal that was filed
after the county court at law's judgment. While the previous filing of the affidavit did not satisfy
the rules of appellate procedure, the filing of the copy along with the notice of appeal was timely. 
See Tex. R. App. P. 20.1(c)(1). The filing of a copy might have provided grounds to challenge the
adequacy and continued accuracy of the allegations therein, see id., but no contest was filed.